UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-00099-TBR

TOM JOHNSON                                                                                           PLAINTIFF

v.

CSX TRANSPORTATION, INC.                                                                DEFENDANT

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss and alternatively, Motion for More Definite Statement (Docket #5). Plaintiff has filed a response (Docket #8) and Defendant has filed a reply (Docket #19). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is **DENIED** in part and **GRANTED** in part.

### BACKGROUND

On January 16, 2007, Defendant's, CSX Transportation, Inc., rail car derailed outside the towns of Brooks and Sheperdsville, in Bullitt County, Kentucky. Thirteen tank cars were involved in the derailment, twelve of which contained flammable liquids, gases, and solid materials, including hazardous materials. The derailment resulted in explosion, chemical fire, and chemical release.

In his Complaint, Plaintiff, Tom Johnson, alleges strict liability, negligence, and negligence per se claims. Plaintiff alleges that he sustained physical injuries, medical expenses, emotional distress, mental anguish, and economic and financial harm due to chemical exposure. Defendant argues that Plaintiff failed to state a claim upon which relief can be granted. Defendant believes that under the Supreme Court's recent decision in *Bell Atlantic Co. v. Twombly*, Plaintiff has not pled sufficient facts to support a claim for bodily injury. Defendant

also believes that it is exempt from Plaintiff's strict liability claim because Defendant, as a common carrier, was acting pursuant to a public duty to transport hazardous material and Plaintiff's strict liability claim is preempted by federal law. Alternatively, Defendant moves for a more definite statement.

## DISCUSSION

In *Bell Atlantic Corporation v. Twombly*, the Supreme Court recently clarified the pleading standard necessary under Federal Rule of Civil Procedure 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

I. Negligence & Negligence Per Se

The Court finds that the Plaintiff has alleged sufficient facts for his entitlement to relief to be plausible on its face. Plaintiff's complaint alleges actual, physical injury due to chemical exposure caused by Defendant's negligence. This is not the sort of speculative pleading forbidden by *Twombly*. There are sufficient factual allegations in the complaint to give Defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965. Nothing more is required under the notice pleading standard of

Rule 8(a)(2).

Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner). While the Plaintiff will be required to provide evidence of injury eventually, at the pleading stage it is sufficient that Plaintiff alleges that he was injured. Therefore, Defendant's motion to dismiss is denied as to Plaintiff's negligence and negligence per se claims.

Defendant's request for a more definite statement is also denied. The information regarding the specifics of Plaintiff's injuries is better obtained by Defendant through the discovery process, rather than requiring an amendment of the pleadings.

II. Strict Liability

In response to Defendant's motion to dismiss, Plaintiff provides new factual allegations in support of his strict liability claim. In particular, Plaintiff alleges that he was a truck driver who participated in the clean up efforts of the rail car derailment and was injured when he was exposed to the chemicals he transported for disposal.

A. Common Carrier

Kentucky law does not recognize a strict liability cause of action for abnormally dangerous activities performed pursuant to a public service or public necessity. *See Kentucky Utilities Co v. Auto Crane Co.*, 674 S.W.2d 15 (Ky. Ct. App. 1983) (holding that strict liability rarely applies to abnormally dangerous activities carried out pursuant to a public duty, in this case the transmission of electricity); *Collins v. Liquid Transporters*, 262 S.W.2d 382 (Ky. 1953) (holding that shipping gasoline by tank truck on public highways is not an ultrahazardous

activity subject to strict liability). In this respect, Kentucky case law has adopted the Restatement Second of Torts §521, which states that "[t]he rules as to strict liability for abnormally dangerous activities do not apply if the activity is carried on in pursuance of a public duty imposed upon the actor as a public officer or employee or as a common carrier." *See id*; *Lamb v. Martin Marietta Energy Systems, Inc.*, 835 F.Supp. 959, 971 (W.D. Ky. 1993).

Defendant maintains that it is a common carrier under a public duty to transport ultrahazardous material. As such, it is exempted from strict liability under Kentucky law. Defendant is a common carrier pursuant to the Interstate Transportation Act, which imposes a duty on railroads to provide and furnish transportation upon reasonable request. 49 U.S.C. §11101(a). It is assumed for purposes of this motion that the chemicals transported by Defendant were ultrahazardous.

In response, Plaintiff contends that the protection afforded common carriers for the transportation of ultrahazardous materials under Kentucky law is distinguishable from the protection afforded common carriers for the disposal of ultrahazardous materials. In support of this contention, Plaintiff relies on *Fletcher v. Tenneco, Inc*. 816 F.Supp. 1186 (E.D. Ky. 1993) (withdrawn at request of the court). *Fletcher* involved the disposal of waste water containing the chemical polycholrinated biphenyl (PCB). *Id.* at 1187. The plaintiffs alleged a theory of strict liability and the district court allowed the claim to proceed against the defendant's motion for partial summary judgment. *Id.* at 1192.

The Court declines to adopt the reasoning of *Fletcher*. The Court notes that *Fletcher* was withdrawn by the court. Furthermore, Plaintiff's claim for strict liability depends on his exposure to chemicals that would not have been present absent Defendant's transportation of

them.  Therefore, the doctrine of strict liability adopted by the Kentucky courts regarding transportation of ultrahazardous materials applies in this case.

B.  Federal Preemption

Because Kentucky law does not recognize a strict liability cause of action in this instance, the Court need not address the issue of preemption.

Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's strict liability claim.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED** in part and **GRANTED** in part.

An appropriate order shall issue.